NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 8 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff-Appellee,<br><br>  v.<br><br>KURTIS LEE WORTLEY,<br><br>              Defendant-Appellant. | No.   16-30273<br><br>D.C. No.<br>1:16-cr-00048-SPW-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted December 5, 2017[**]
Seattle, Washington

Before:  HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

Kurtis Lee Wortley ("Wortley") challenges the 48-month sentence imposed following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Wortley argues error in the application of a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) based on his use of a firearm in connection with another felony offense. Because this issue involves a straightforward application of the Guidelines and accompanying commentary to the facts, we review the district court's application of the enhancement for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

Here, Wortley pled guilty to being a felon in possession of a rifle during a several-week period in January 2016. Wortley admitted placing firearms in his vehicle in early January. Approximately one week later, Wortley fired a pistol through the window of a home where an individual was sleeping. Several days later, law enforcement discovered the rifle in Wortley's vehicle.

Wortley's pistol firing, which he concedes constituted the separate felony offenses of criminal endangerment and criminal mischief, constituted the use of a firearm in another felony offense. *See United States v. Polanco*, 93 F.3d 555, 565 (9th Cir. 1996). Therefore, application of the enhancement under U.S.S.G. § 2K2.1(b)(6)(B) was proper if his use of the pistol was part of the "same course of conduct, common scheme, or plan" as his possession of the rifle. *Id.* app. n. 14(E)(ii).

There was no abuse of discretion in determining that the offenses were part of the "same course of conduct, common scheme, or plan," given their timing and

nature.  *See* U.S.S.G. § 1B1.3 cmt. n.5(B) (appropriate factors include:  the nature of the offenses, "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses").

**AFFIRMED.**